# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THEOGEN GARNER, )<br>)<br>Defendant. )<br>) | Case No. 05-20094-CM |

## MEMORANDUM AND ORDER

Currently before the court is defendant's pro se motion for reconsideration of the court's September 5, 2012 order (doc. 109). Defendant's motion was filed on October 2, 2012, but the certificate of service indicates that he placed the motion into the custody of prison officials on September 26, 2012.

The Tenth Circuit has held that a motion for reconsideration in a criminal case is timely when it is filed within the period of appeal for the underlying order. *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) ("We . . . hold that a motion for reconsideration of the denial of a § 3582(c)(2) motion must be brought within the time for appeal."). In this case, the time for appeal was fourteen days from September 5, 2012. *See* Fed. R. App. P. 4(b)(1)(A) (explaining that a criminal defendant must file a notice of appeal within fourteen days of the entry of either the judgment or order being appealed).

Defendant missed this deadline even when the court considers the September 26, 2012 date on the certificate of service. *See* Fed. R. App. P. 4(c)(1) (stating that a notice of appeal filed by an inmate confined in an institution is timely "if it is deposited in the institution's internal mail system on or before the last day for filing"). And—even liberally construed—there are no facts in his motion explaining his delay. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citing *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)) ("Finally, because [defendant] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."). Accordingly, defendant's motion is untimely and denied.

Assuming the motion was timely filed, the court would deny defendant's motion for reconsideration on the merits because defendant failed to show grounds for reconsideration. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining grounds for reconsideration). Defendant's current motion merely rehashes arguments raised and rejected in his original motion. For example, in his current motion defendant challenges the court's calculation of the amount of cocaine base attributed to defendant. (Doc. 109 at 2.) But this argument was made in his original motion when he argued that he should only be sentenced based on 50 grams. As such, this argument was raised, considered, and rejected in the court's original order. Therefore, it does not warrant reconsideration. Defendant's other arguments fail for similar reasons.

**IT IS THEREFORE ORDERED** that defendant's Recommendation Order to Resideration [sic] 18 U.S.C. § 3582(c) Based On Fair Sentencing Act of 2010 (doc. 109) is denied as untimely.

Dated this 16th day of November, 2012, at Kansas City, Kansas.

_s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge